UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-21-MOC-DCK

| PHILIPS MEDICAL SYSTEMS, NEDERLAND, B.V., et al., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| TEC HOLDINGS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** comes before the Court on a Motion by Defendants TEC Holdings, Inc. and Transtate Equipment Co. Inc. to Partially Dismiss Plaintiffs' Second Amended Complaint, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] (Doc. No. 164).

I.     **BACKGROUND**

Plaintiff Philips North America LLC[2] develops and sells medical imaging systems to hospitals and other medical facilities and provides after-market service. Those facilities also hire independent service organizations ("ISOs") to provide maintenance and support services necessary to maintain the systems, such as assembly, installation, adjustment, and testing ("AIAT") procedures. Plaintiff has named the following as Defendants in the Second Amended Complaint: TEC Holdings, Inc., formerly known as Transtate Equipment Company, Inc.

---

[1] This case was originally filed in the Northern District of Georgia and was transferred to this Court on January 10, 2020. Thus, reference to any court orders before the date of transfer is intended to refer to orders entered by the district court in the Northern District of Georgia.

[2] Plaintiff Phillips refers to six named Plaintiff entities in this matter, all of which are collectively in the business of inter alia developing, manufacturing, selling, supporting, maintaining, and servicing medical imaging systems, including the proprietary hardware and software and related trade secrets necessary to operate, service, and repair such systems.

1

("Transtate I"), Transtate Equipment Company, Inc., formerly known as Transtate Holdings, Inc. ("Transtate II") (collectively, "Transtate"), and Robert A. ("Andy") Wheeler, individually and in his capacity as executor and personal representative of the Estate of Daniel Wheeler ("the Estate") (Andy Wheeler and the Estate are referred to collectively as "the Wheelers").

According to the Second Amended Complaint, as ISOs, Transtate I provided and Transtate II provides maintenance and support services for certain of such medical systems. Several prior employees of Philips North America LLC were previously employed by Transtate I and are currently employed by Transtate II as service specialists, service technicians, or similar positions. According to Plaintiff, Plaintiff's medical imaging systems include Plaintiff's copyrighted and proprietary intellectual property, and proprietary trade secrets, in the form of, among other things, proprietary software that Plaintiff's technicians can use to service the medical imaging systems. Plaintiff includes proprietary access controls on the medical imaging systems to restrict access to its proprietary software to authorized individuals. Plaintiff alleges that: Transtate I has used, and Transtate II continues to use, misappropriated trade secret information from Plaintiff to circumvent the access controls on Plaintiff's medical imaging systems to gain unauthorized access to proprietary and copyrighted software; Transtate I and II have also made unauthorized copies of Plaintiff's standalone service software, circumvented access controls on the standalone software, and made unauthorized use of such software; Transtate I and II have also decrypted and made unauthorized copies of Plaintiff's copyrighted service documentation; and Transtate uses its unauthorized access to and copies of Plaintiff's proprietary software and copyrighted documents to unfairly compete against Plaintiff.

Plaintiff filed the First Amended Complaint on October 20, 2017, bringing, inter alia, a claim under the CFAA against TEC and trade secret misappropriation claims under the Defend

2

Trade Secrets Act ("DTSA") and the Georgia Trade Secrets Act ("GTSA") (DTSA and GTSA claims collectively referred to herein as "Trade Secret Claims") against TEC and Transtate. On November 3, 2017, TEC moved to dismiss, inter alia, Plaintiffs' CFAA claims. By Order dated March 14, 2018, the Court dismissed Plaintiffs' CFAA claim to the extent it either was based on "Defendant TEC Holdings accessing a computer 'without authorization,' or [was] brought under Sections 1030(a)(5)(A) and 1030(a)(5)(C)." On August 31, 2018, Defendants moved for Judgment on the Pleadings or, in the Alternative, to Stay all claims in the First Amended Complaint, including the Trade Secret Claims.

By Order dated January 4, 2019, the Court dismissed Plaintiffs' Trade Secret Claims. On February 1, 2019, Plaintiffs filed a motion for reconsideration of the dismissal of their Trade Secret Claims, and on February 14, 2017, Plaintiffs moved for leave to file a Second Amended Complaint, which included new Trade Secret Claims. By Order dated May 20, 2019, the Court denied Plaintiffs' motion for reconsideration. In this same Order, the Court partially granted Plaintiffs' motion for leave to amend their complaint, but specifically stated, in part, that "Plaintiffs are granted leave to amend only to the extent that such [Trade Secret] claims are not premised upon [Proprietary Service Materials]."

According to Defendants, despite the Court's instructions, Plaintiffs' Second Amended Complaint filed on May 23, 2019, contains Trade Secret Claims explicitly premised on alleged Proprietary Service Materials ("PSMs"). Defendants further assert that, additionally, the Second Amended Complaint includes CFAA claims brought under 18 U.S.C. §§ 1030(a)(5)(A) and 1030(a)(5)(C), despite the Court previously dismissing such claims. Defendants argue that the Second Amended Complaint also includes a CFAA claim based on Defendants allegedly trafficking in a device or information for accessing a computer "without authorization," brought

3

under 18 U.S.C. §1030(a)(6), even though the Court previously ruled that Plaintiffs cannot proceed with claims based on the theory of accessing a computer "without authorization."

Finally, Defendants contend that the Second Amended Complaint includes a copyright infringement claim that attempts to allege infringement for various broad categories of works that have not been registered as required by the Copyright Act before a plaintiff may bring a claim under 17 U.S.C. § 101, et seq.

Plaintiff has responded in opposition to the motion to dismiss, and Defendant has filed a Reply. Thus, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The

Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.[3]

### IV. CONCLUSION

Defendants' motion to dismiss is denied, pending further development of the record, and the Court will issue a ruling after discovery and the parties' filing of summary judgment motions.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. No. 164), is

   **DENIED.**

---

[3] This Order is not intended to contradict any other prior orders entered by the Northern District of Georgia (before transfer to this Court) that otherwise serve as res judicata in this Court. Rather, this Court will parse out the parties' arguments regarding Proprietary Service Materials and other issues at the summary judgment stage.

Signed: March 26, 2020

Max O. Cogburn Jr
United States District Judge