UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-21-MOC-DCK

| | |
|---|---|
| PHILIPS NORTH AMERICA, LLC, et al., ) ) ) Plaintiffs, ) ) vs. ) ) TEC HOLDINGS, INC., et al., ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Affirmative Defenses. (Doc. No. 280).

**I.      BACKGROUND**

Plaintiff Philips North America LLC[1] develops and sells medical imaging systems to hospitals and other medical facilities and provides after-market service. Those facilities also hire independent service organizations ("ISOs") to provide maintenance and support services necessary to maintain the systems, such as assembly, installation, adjustment, and testing ("AIAT") procedures. Here, Plaintiffs bring the following claims against the Defendant ISOs and their employees: violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201; violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836; Misappropriation of Trade Secrets and violation of the

---

[1] Plaintiff Phillips refers to six named Plaintiff entities in this matter, all of which are collectively in the business of inter alia developing, manufacturing, selling, supporting, maintaining, and servicing medical imaging systems, including the proprietary hardware and software and related trade secrets necessary to operate, service, and repair such systems.

1

Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 et seq.; copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq.; and tortious inference with contractual relations. On April 30, 2020, Defendants filed two separate Answers, raising several counterclaims and affirmative defenses. On June 11, 2020, Plaintiff filed the pending motion to dismiss Defendants' counterclaims and strike affirmative defenses. Defendants have filed a response, and Plaintiff has filed a reply. Thus, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court

must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth.  Iqbal, 556 U.S. at 678.  Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief.  Id. at 679.

## III. DISCUSSION

In support of the motion to dismiss, Plaintiff argues that Defendants' counterclaims are premised on the alleged violation of a U.S. Food and Drug Administration ("FDA") regulation, promulgated under the federal Food, Drug, and Cosmetic Act ("FDCA").  Plaintiff argues that Defendants are seeking to enforce an FDCA regulation and his counterclaim is, therefore, preempted under the doctrine of federal preemption.  Plaintiff likewise moves to have Defendants' counterclaims stricken for the same reason.

In response, Defendants argue that preemption does not apply and, in any event, it is premature to dismiss Defendants' counterclaims and to strike Defendants' affirmative defenses.  Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss and strike affirmative defenses.

## IV. CONCLUSION

Plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Affirmative Defenses is denied pending further development of the record.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaims and Motion to Strike Affirmative Defenses, (Doc. No. 280), is **DENIED**.

3

Signed: August 21, 2020

*[signature]*

Max O. Cogburn Jr
United States District Judge

4