# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-021-MOC-DCK

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., PHILIPS NORTH AMERICA LLC, and PHILIPS INDIA LTD., ) ) ) ) Plaintiffs, ) ) v. ) ) TEC HOLDINGS, INC., f/k/a TRANSTATE EQUIPMENT COMPANY, INC., TRANSTATE EQUIPMENT COMPANY, INC., f/k/a TRANSTATE HOLDINGS, INC., and ROBERT A. WHEELER, ) ) ) ) ) ) ) Defendants. ) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiffs' Unopposed Motion To Seal" (Document No. 527) filed November 12, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**

> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal.* No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

> **(1)** A non-confidential description of the material sought to be sealed;
> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

By the instant motion, Plaintiffs seek to seal their Memoranda in Opposition of Defendants' Motions to Exclude Opinions and Testimony of Alessandro Orso, Ph.D., Patrick Kennedy Ph.D, Daniel L. Regard II, Billy Rios, and Alberto Gutierrez and the attached exhibits to the Memoranda because the "documents discuss and reference confidential and sensitive technical information and proprietary business information designated by one or more parties as 'Confidential' or 'Attorneys' Eyes Only' under the protective order." (Document No. 527, p. 2).

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no

2

additional burden for any non-party under the Federal Rules of Civil Procedure.  <u>See</u> Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Unopposed Motion To Seal" (Document No. 527) is **GRANTED**.  Document Nos. 520, 522, 523, 524, and 525 and the attached exhibits shall remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a publicly available redacted version of such documents described above on or before **November 19, 2021**.

**SO ORDERED**.

Signed: November 15, 2021

David C. Keesler
United States Magistrate Judge