UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-21-MOC-DCK

PHILIPS MEDICAL SYSTEMS, )
NEDERLAND, B.V., et al., )
 )
        **Plaintiffs,** )
 )
vs. )     **ORDER**
 )
TEC HOLDINGS, INC., et al., )
 )
        **Defendants.** )
 )

**THIS MATTER** is before the Court on a Motion for an Award of Pre- and Post-judgment Interest (the "Motion"), filed by Plaintiffs Philips Medical Systems Nederland B.V., Philips North America LLC, and Philips India Ltd. (collectively, "Philips"). (Doc. No. 806).

**I.    BACKGROUND**

Plaintiff Philips filed this lawsuit on July 28, 2017, seeking damages from Defendants for violations of the Computer Fraud and Abuse Act ("CFAA") and the Digital Millennium Copyright Act ("DMCA"), among other causes of action. This Court granted summary judgment to Philips on its CFAA and DMCA claims, leaving the amount of Philips' damages for trial. (Doc. No. 641).

At trial, the jury returned a verdict awarding Philips $512,096.00 in actual damages for Defendants' violations of the CFAA and DMCA, and $3,656,034.90 in Defendants' profits for Defendants' violations of the DMCA.[1] (Doc. No. 776). Because Philips would not seek

---

[1] The jury also awarded Philips $1,176,250.00 in statutory damages for Defendants' violations of the DMCA, but Philips has elected to recover the jury's award of Philips' actual damages and Defendants' profits, subject to the outcome of post-trial motions, appeals, new trials, or

1

duplicative awards of actual damages, the total amount of the judgment based on the jury's verdict would be $4,168,130.90. Philips now moves for pre-judgment and post-judgment interest on the jury's award. According to Philips, North Carolina's 8% interest rate should be applied to the full amount of Philips' award over a 10-year period (from November 2013 through the date that judgment is entered), resulting in a pre-judgment interest award of $3.2 million. (Doc. No. 807 at 2–3).

Philips further contends that it is entitled to post-judgment interest on the entire amount of the $4,168,130.90 judgment, plus any pre-judgment interest awarded, any attorney's fees awarded, and any costs awarded. Philips therefore requests that the Court award post-judgment interest in an amount to be determined once Philips' damages, fees, costs, and pre-judgment interest have been determined.

In response to the motion, Defendants do not oppose Philips' request for post-judgment interest. However, Defendants oppose Philips' request for prejudgment interest.

## II. DISCUSSION

The Court will grant Philips' motion as to post-judgment interest. However, the Court denies the motion for pre-judgment interest, as it would be inappropriate to award pre-judgment interest under the circumstances of this case. First, "[t]he essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." City of Milwaukee v. Cement Division, Nat'l Gypsum Co., 515 U.S. 189, 195 (1995). Accordingly, there is no basis to award prejudgment interest on a jury award, such as the award here, that is based primarily on Defendants' disgorged profits. See John G. Danielson, Inc. v. Winchester-

---

otherwise. (Doc. No. 784).

Conant Props., Inc., 322 F.3d 26, 51 (1st Cir. 2003) (affirming as "sound" district court's denial of prejudgment interest based on disgorged profits "because, unlike actual damages, the plaintiff never had those funds and so deserved no compensation for the lost use of the money while the case was pending"). Indeed, in enacting the similar remedial scheme under § 504(b) of the Copyright Act, Congress explained that allowing recovery of both damages and profits "recognizes the different purposes served by awards of damages and profits." H.R. Rep. No. 94-1476, at 161 (1976). "Damages are awarded to compensate the copyright owner for losses from the infringement, and profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act." Id. Moreover, as the U.S. Supreme Court has instructed, "interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness" and "denied when its exaction would be inequitable." Board of Comm'rs of Jackson Cnty. v. U.S., 308 U.S. 343, 352 (1939); see also Cotter v. E. Conference of Teamsters Retirement Plan, 898 F.2d 424, 429 (4th Cir.1990) ("Prejudgment interest is not intended to be punitive in nature.").

As Defendants note, neither the DMCA nor the CFAA expressly allows prejudgment interest. Nor does the Copyright Act of 1976. See, e.g., U.S. Payphone, Inc. v. Executives Unlimited of Durham, Inc., 931 F.2d 888, 1991 WL 64957, at *4 (Apr. 29, 1991) (per curiam) (unpublished). Defendants note that the U.S. Supreme Court has not ruled on whether prejudgment interest is available under these statutes. At least for the Copyright Act, the Federal Courts of Appeal are split on the availability of prejudgment interest. Cf., e.g., Robert R. Jones Assocs., Inc. v. Nino Homes, 858 F.2d 274, 282 (6th Cir. 1988) (holding that prejudgment interest is not available under the Copyright Act); with, e.g., William A. Graham Co. v. Haughey, 646 F.3d 138, 151 (3d Cir. 2011) (reaching the opposite conclusion).

3

In U.S. Payphone, Inc. v. Executives Unlimited of Durham, Inc., the Fourth Circuit affirmed the denial of a pre-judgment interest request in a Copyright Act case. U.S. Payphone, 1991 WL 64957, at *4. The court observed that the purpose of Section 504(b) of the Copyright Act (which is nearly identical to Section 1203(c)(2), its DMCA counterpart) "is to compensate the copyright owner and to discourage the infringer by disgorging his profits." Id. Thus, while the court declined to articulate a "universal rule," it held that, because the plaintiff had been awarded both actual damages and profits, the award would "sufficiently compensate [the plaintiff] for its loss" and "any additional sanction would serve no purpose." Id.; see also id., n.6 (commenting that "[s]everal courts have refused to grant prejudgment interest in cases arising under the Copyright Act of 1976" and collecting cases); In Design v. K-Mart Apparel Corp., 13 F.3d 559, 569 (2d Cir. 1994) (affirming denial of prejudgment interest in copyright case because of plaintiff's "sizable damage award").

Here, the Court agrees with Defendants that it would not be fair to award Philips its requested $3.2 million in prejudgment interest on top of a $4.1 million jury award. As Defendants note, there has been no finding of actual copyright infringement. Indeed, Philips voluntarily withdrew any such claim with prejudice before trial. Like the plaintiff in U.S. Payphone, Philips has been adequately compensated by the jury's award. See U.S. Payphone, 1991 WL 64957, at *4. "[A]ny additional sanction would serve no purpose." Id. Thus, the Court denies Philips' motion to the extent that it requests pre-judgment interest.

### III. CONCLUSION

Philips' Motion for an Award of Pre- and Post-judgment Interest is **GRANTED** in **PART** and **DENIED** in **PART**. That is, Philips is entitled to post-judgment interest, to be determined when the final judgment is entered. Philips is not entitled to pre-judgment interest.

**IT IS, THEREFORE, ORDERED** that:

Philips' Motion for an Award of Pre- and Post-judgment Interest (the "Motion"), (Doc. No. 806), is **GRANTED** in **PART** and **DENIED** in **PART**.

Max O. Cogburn Jr.
United States District Judge

5