EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS INDIA LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC., TRANSTATE EQUIPMENT COMPANY, INC., F/K/A TRANSTATE HOLDINGS, INC., and ROBERT A. ("ANDY") WHEELER, individually and in his capacity as executor and personal representative of the Estate of DANIEL WHEELER, <br><br> Defendants. | **Civil Action No. 3:20-cv-00021-MOC-DCK** |

## [PROPOSED] FINAL JUDGMENT

This action came on regularly for a jury trial beginning on April 3, 2023, and ending on April 28, 2023, in the Charlotte Division of the United States District Court for the Western District of North Carolina between Plaintiffs/Counterclaim Defendants Philips Medical Systems Nederland B.V., Philips North America LLC, and Philips India Ltd. (collectively, "Plaintiffs" or "Philips") and Defendants/Counterclaim Plaintiffs Transtate Equipment Company, Inc. ("Transtate"), TEC Holdings, Inc. ("TEC"), and Robert A. Wheeler, individually and in his capacity as executor and personal representative of the Estate of Daniel Wheeler ("Andy Wheeler") (collectively "Defendants").

A jury of 12 persons was regularly impaneled and sworn. Testimony and other evidence was presented by the parties and the jury was instructed on the law by the Court. The jury deliberated and thereafter on April 28, 2023, returned in the court with its verdict (Dkt. 776).

After the jury's verdict, on May 22, 2023, Philips gave notice pursuant to 17 U.S.C. § 1203(c)(2), subject to a reservation of rights, that as to Philips' claim for violation of the Digital Millennium Copyright Act ("DMCA"), Philips elected to recover its actual damages and Defendants' profits, as determined by the jury (i.e., $512,096 in actual damages plus $3,656,034.90 in Defendants' profits), plus any applicable interest allowed by law. *See* Dkt. 784.

Also on May 22, 2023, Defendants filed a motion requesting that the Court find that certain conduct by Philips, found by the jury as a factual matter, constitutes unfair and deceptive trade practices as a matter of law under the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, et seq. ("NCUDTPA"). *See* Dkt. 783. Specifically, the jury found that Philips engaged in the following conduct and that such conduct proximately harmed Defendants:

> Philips refused to provide documents, programs, or information necessary to perform repair and maintenance on systems, in a timely or unhindered manner, to [Defendants], so that they could properly service Allura and Azurion cath labs and/or CT systems. *See* Dkt. 776 at 5.

Defendants' motion also (1) requested that the jury's award to Defendants of $848,348 in damages be trebled under N.C.G.S. §75-16.1, and (2) sought an order awarding pre- and post-judgment interest upon entry of judgment in this case. *See* Dkt. 783. Philips opposed Defendants' motion. *See* Dkt. 787.

The Court subsequently entered an Order finding that Philips' conduct, as found by the jury, constitutes an unfair and deceptive trade practice in violation of N.C.G.S. § 75-1.1, and trebled damages under N.C.G.S. §75-16.1, for a total damages award to Defendants of $2,545,044. *See* Dkt. 828.

On June 14, 2023, Philips filed a motion seeking an award of pre- and post-judgment interest, based on the jury's verdict awarding Philips $512,096.00 in actual damages for Defendants' violations of the Computer Fraud & Abuse Act ("CFAA") and the DMCA, and $3,656,034.90 in Defendants'

profits for Defendants' violations of the DMCA.  *See* Dkt. 807.  Defendants opposed Philips' motion as to the request for prejudgment interest, but not post-judgment interest.  *See* Dkt. 811.

The Court subsequently granted Philips' motion as to post-judgment interest, but denied the motion as to prejudgment interest.  *See* Dkt. 824.

On February 7, 2024, Defendants filed a renewed motion for pre- and post-judgment interest upon entry of judgment in this case. Dkt. 831, 832.  The Court denied this motion as to prejudgment interest on _____, 2024.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. That the Clerk shall enter final judgment as follows:

    a. That final judgment shall be entered in favor of Philips and against Defendants for Defendants' violations of the CFAA and DMCA;

    b. That Defendants Transtate, TEC and Andy Wheeler are liable to and shall pay Philips $512,096 in actual damages based on the Court's finding they violated the CFAA and DMCA, along with post-judgment interest at the legal rate according to statute;

    c. That Defendants Transtate, TEC and Andy Wheeler are liable to and shall pay Philips $3,656,034.90 in Defendants' profits based on their violations of the DMCA, along with post-judgment interest at the legal rate according to statute;

    d. That final judgment shall be entered in favor of Defendants and against Philips for Philips' violations of the NCUDTPA;

    e. That Plaintiffs Philips Medical Systems Nederland B.V., Philips North America LLC, and Philips India Ltd. are liable to and shall pay Defendants $2,545,044 in damages, as trebled by the Court, based on their violations of the NCUDTPA, along with post-judgment interest at the legal rate according to statute.

2. Post-trial motions pursuant to Rules 50 and 59 shall be due 28 days after entry of this final judgment. Pursuant to an earlier stipulation of the parties (Dkt. 808), Philips and Defendants shall each file a single opening brief of no more than 25 pages to address both Rule 50 and 59 motions collectively; a single response brief of no more than 25 pages to address the opposing side's Rule 50/59 motions; and a single reply brief of no more than 25 pages.

3. Consistent with the parties' stipulation and this Court's earlier ruling (Dkt. 810), the deadline for filing post-trial motions for attorneys' fees shall be no later than 30 days after the Court rules on all the post-trial motions filed by the parties pursuant to Rules 50 and 59.

4. Consistent with the parties' stipulation and this Court's earlier ruling (Dkt. 810), the deadline for filing any motions for permanent injunctive relief shall be no later than 30 days after the Court rules on all the post-trial motions filed by the parties pursuant to Rules 50 and 59.

5. The amount of costs shall be determined by the filing of a cost bill and any related proceedings. Consistent with Local Rule 54.1, the deadline for filing any bill of costs shall be no later than 60 days after the entry of this final judgment.

IT IS SO ORDERED.

Dated: _____, 2024.

                                                                                         _____
                                                                                          Max O. Cogburn, Jr.
                                                                                          United States District Judge