UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-21-MOC-DSC

| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., ET AL., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | ORDER |
| vs. | ) | |
| TEC HOLDINGS, INC., ET AL., | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on a renewed motion for an award of pre- and post-judgment interest based on Philips'[1] violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1 et seq. (the "UDTPA" or the "Act"), filed by Defendants Transtate Equipment Company, Inc. ("Translate"), TEC Holdings, Inc. ("TEC"), and Robert A Wheeler, individually and in his capacity as executor and personal representative of the Estate of Daniel Wheeler ("Andy Wheeler") (collectively, "Defendants"). (Doc. No. 831). Plaintiff Philips opposes Defendant's motion. (Doc. No. 834).

I. Background

The parties are well-versed on the background, so the Court will not recapitulate all of the facts. Relevant to the pending motion, on March 28, 2018, Defendants Translate Equipment Co., Inc. and TEC Holdings, Inc. filed counterclaims against Philips, which included Defendants' claim under Section 75-1.1 of the UDTPA. (Doc. No. 45, Counterclaim ¶¶ 6-25; Doc. No. 46,

---

[1] Defendants refer to Plaintiffs Philips Medical Systems Nederland B.V., Philips Systems North America LLC, and Philips India Ltd. collectively as "Philips."

1

Counterclaim ¶¶ 7–27). On July 2, 2018, Defendants Transtate Equipment Co., Inc. and TEC Holdings, Inc. reasserted the UDTPA counterclaims. (Doc. No. 56, Counterclaim ¶¶ 7–34; Doc. No. 57, Counterclaim ¶¶ 6–33). On April 30, 2020, Defendants Transtate Equipment Co., Inc., TEC Holdings, Inc., and Robert A. ("Andy") Wheeler (collectively, "Defendants") again reasserted the UDTPA counterclaims against Philips. (Doc. No. 274, Counterclaim ¶¶ 232–49; Doc. No. 275, Counterclaim ¶¶ 225–240; Doc. No. 276, Counterclaim ¶¶ 186–204).

On April 28, 2023, the jury returned a verdict (Doc. No. 776) and made findings sufficient to establish a claim under the UDTPA. First, the jury found that Defendants had proven by a preponderance of the evidence that "Philips refused to provide documents, programs, or information necessary to perform repair and maintenance on systems, in a timely or unhindered manner, to [Defendants], so that they could properly service [Philips'] systems." (Doc. No. 776 at 5).[2] Second, the jury found that Defendants had proven, by a preponderance of the evidence, that Defendants "were injured" by that conduct and "that the conduct was the proximate cause of the injury to Defendants' business." (Id.). Third, the jury found that Defendants had proven that Philips' conduct proximately caused actual damages of $848,348.00. (Id. at 10).

After the jury returned its verdict, the Court acknowledged the need "to make a legal finding" on the UDTPA claim. (Trial Tr. at 4501:11–12). But the Court also acknowledged that, given that the jury "has made findings and given a monetary award," the issue essentially "comes

---

[2] The jury also found additional related wrongful conduct by Philips, including that Philips kept Defendants from accessing information that even Philips said Defendants were entitled to access, (Doc. No. 776 at 5–6); that Philips refused to provide training necessary to service Philips's medical systems, (id. at 7); and that Philips delayed service or response that delayed or restricted Defendants' ability to access Philips' medical systems and the software tools necessary to repair and maintain those systems, (id. at 8–9).

right back to me as to whether I think it should go to the jury." (Id. at 4501:23–4502:1). "And of course," the Court added, "I've already ruled that it should." (Id. at 4502:1).

On May 22, 2023, Defendants filed their Motion for Formal Determination of Liability and Trebled Damages re: Jury Verdict. (Doc. No. 783) ("Defendants' Motion"). In Defendants' Motion, Defendants specifically requested that this Court make a formal determination that Philips' conduct, as found by the jury, is unfair and in violation of N.C.G.S. § 75-1.1, that the Court treble the actual damages found by the jury under N.C.G.S. §75-16.1, and that the Court award pre- and post-judgment interest. (Doc. No. 783).

On November 3, 2023, this Court entered an Amended Order (Doc. No. 828), making a formal determination of Philips' liability under the UDTPA, and found that Philips' conduct, as found by the jury, "constitutes an unfair and deceptive trade practice, in violation of N.C.G.S. §75-1.1." (Id. at p. 2). This Court also found that the damages "shall be trebled under N.C.G.S. §75-16.1, for a total damages award of $2,545,044." (Id.). The Amended Order did not reference or address Defendants' request for pre- and post-judgment interest. This Order now addresses the pending motion for pre- and post-judgment interest.

## II. Legal Standard

Defendants respectfully request that the Court award pre- and post-judgment interest pursuant to N.C.G.S. § 24–5(b) and 28 U.S.C. § 1961(a). See Clark Material Handling, 2015 WL 3514339 at *9–10 (granting request for pre- and post-judgment interest in similar circumstances). Defendants are entitled to pre-judgment interest on all compensatory damages based on North Carolina law. See Calderon v. GEICO Gen. Ins. Co., 809 F.3d 111, 133–34 (4th Cir. 2015) (internal quotation marks omitted) ("Where state law claims come before a federal court on supplemental jurisdiction, as they do in this case, the award of pre-judgment interest

3

rests on state law."). Under N.C.G.S. § 24-5(b), "[i]n an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." Accordingly, pre-judgment interest is mandatory under N.C.G.S. § 24-5(b). See Hamby v. Williams, 196 N.C. App. 733, 738, 676 S.E.2d 478, 481 (2009) ("We hold [N.C.G.S. § 24-5(b)] to be mandatory and not discretionary on the part of the trial court...."); see also Williams v. Estates LLC, No. 1:19-cv-1076, 2022 WL 1809464, at *4 (M.D.N.C. June 2, 2022) (Eagles, J.).

"Interest on an award in an action other than contract shall be at the legal rate." N.C.G.S. § 24-5(b). N.C.G.S. § 24-1 mandates an eight percent interest rate. See also Clark Material Handling, 2015 WL 3514339, at *10. Pursuant to N.C.G.S. § 24-5(b), pre-judgment interest is applied only to the jury's award of compensatory damages, not the trebled amount. See Williams, 2022 WL 1809464, at *4. Defendants shall be awarded pre-judgment interest of eight percent on the jury's award of $848,348.00, (Doc. No. 776 at 10), from March 28, 2018, the date the UDTPA claim was commenced, (Doc. No. 45–46), until final judgment is entered. Based on an 8% simple interest on a jury's award of $848,348.00, the total per annum pre-judgment interest is $67,867.84, or $185.94 dollars per day ($67,867.84/365 days per year). As of the date of the filing of Defendant's renewed motion, February 7, 2024, the pre-judgment interest equals $398,281.95, and shall continue at $185.94 per day until the entry of final judgment.

Post-judgment interest, on the other hand, is a matter of federal law. See Forest Sales Corp. v. Bedingfield, 881 F.2d 111, 113 (4th Cir. 1989). Under 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the

Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961(a).

"The award of post-judgment interest applies to the entire trebled amount awarded under a UDTPA claim." <u>Clark Material Handling</u>, 2015 WL 3514339, at *10. Therefore, Defendants shall be awarded post-judgment interest.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' renewed motion for an award of pre- and post-judgment interest based on Philips' violation of UDTPA, (Doc. No. 831), is **GRANTED**.

<u>The Clerk is hereby respectfully instructed to **AMEND** the judgment to reflect Defendant's pre- and post-judgment interest.</u>

Signed: August 27, 2024

Max O. Cogburn Jr
United States District Judge