# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PHILIPS MEDICAL SYSTEMS NEDERLAND B.V.; PHILIPS NORTH AMERICA LLC; and PHILIPS INDIA LTD.,<br><br>                    Plaintiffs,<br><br>v.<br><br>TEC HOLDINGS, INC., F/K/A TRANSTATE EQUIPMENT COMPANY, INC., TRANSTATE EQUIPMENT COMPANY, INC., F/K/A TRANSTATE HOLDINGS, INC., and ROBERT A. ("ANDY") WHEELER, individually and in his capacity as executor and personal representative of the Estate of DANIEL WHEELER,<br><br>                    Defendants. | **Civil Action No.**<br>**3:20-cv-00021-MOC-DCK** |

## RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND, IN THE ALTERNATIVE, MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Federal Rules of Civil Procedure 50(b) and 59(e) or 59(a), Defendants Robert A. ("Andy") Wheeler, individually and as executor of the Estate of Dan Wheeler ("Dan Wheeler," collectively with Andy, the "Wheelers") and TEC Holdings, Inc. f/k/a Transtate Equipment Company, Inc. ("TEC") hereby renew their motion for the Court to enter judgment as a matter of law in favor of the Wheelers and TEC as set forth below, and, in the alternative, enter an order altering or amending the Judgment as set forth below (collectively, the "Motions"). These forms of relief are sought cumulatively and in the alternative as set forth below. In support of the Motions, the Wheelers and TEC show the Court as follows:

1. On January 17, 2023, the Court issued an opinion on the parties' cross-motions for summary judgment finding for Philips[1] with respect to liability only on Philips's claims for violation of the Digital Millennium Copyright Act ("DMCA") and the Computer Fraud and Abuse Act ("CFAA"). (ECF No. 637). In its Order, the Court stated that the issue of what damages, if any, Philips was entitled to for such violations was an issue for trial. (*Id.*).

2. Philips dismissed most of its claims with prejudice a few weeks before trial. (ECF No. 653).

3. The Court conducted a four-week jury trial in this matter from April 3, 2023 until April 25, 2023.

4. At the end of Philips's case-in-chief, Defendants moved for judgment as a matter of law as to all of Philips's remaining claims: its claims under the Defend Trade Secrets Act, the DMCA, and the CFAA. (Tr. Trans. 2526-2535). Defendants argued, among other things, that Philips's claims were barred by the applicable statutes of limitation, there was no evidence supporting liability as to Dan Wheeler, there was no evidence of any damages caused by Dan or Andy Wheeler or TEC, there was no competent evidence of Philips's damages generally, there was no proof of damage to any computer to support damages under the CFAA, and there was no apportionment of damages among any of the Defendants. (Tr. Trans. 2526-2535,

---

[1] Defendants refer to Plaintiffs Philips Medical Systems Nederland B.V., Philips Systems North America LLC, and Philips India Ltd. collectively as "Philips."

4214-4216). The Court deferred ruling on Defendants' motions at that time, and Defendants presented their case at trial. (Tr. Trans. 2556).

5. Defendants renewed their Rule 50 motions at the end of Defendants' case, and the Court again deferred ruling. (Tr. Trans. 3865-3867).

6. Defendants then renewed their Rule 50 motions at the end of all the evidence at trial. (Tr. Trans. 4175-4182; *see also* Tr. Trans. 4442-4445). The Court denied those motions, noting the motions had been made properly and at the appropriate times in order to preserve them and renew them post-trial. (Tr. Trans. 4175-4182; *see also* Tr. Trans. 4442-4445).

7. Defendants' proposed verdict form requested that the jury make damages findings as to each separate defendant. (*See* ECF No. 731, questions 6-7, 10). The Court denied those requests. (*See* ECF No. 776, questions 8, 12-14).

8. The jury returned a verdict on April 28, 2023. (ECF No. 776).

9. Philips failed to present evidence sufficient to support the jury's verdict that Philips suffered any recoverable damages under any claim as a proximate result of the conduct of the Wheelers or TEC.

10. Under Rule 50(b), the Court should enter judgment notwithstanding the verdict in favor of the Wheelers and TEC because the evidence is insufficient as a matter of law to support the jury's verdict that Philips suffered any damages caused by the Wheelers or TEC, Philips cannot disgorge profits from the Wheelers or TEC, Philips failed to prove it is entitled to actual damages under the DMCA, Philips failed to prove it is entitled to recover statutory damages under the DMCA against the

Wheelers or TEC, and Philips failed to prove it suffered any recoverable loss under the CFAA.  In the alternative, under Rule 59(e), or Rule 59(a) as an alternative to a new trial, the Court should remit the jury's damages findings to no more than $38,000 because Philips failed to prove the Wheelers or TEC caused it any damages and Philips failed to mitigate its damages.

11.     Counsel has conferred with opposing counsel, and Philips opposes these motions.

WHEREFORE, Robert A. Wheeler, individually and as executor of the Estate of Dan Wheeler, and TEC Holdings, Inc. f/k/a Transtate Equipment Company, Inc. respectfully request that the Court grant their Rule 50(b) Motion for judgment as a matter of law and direct judgment in favor of the Wheelers and TEC because Philips has failed to meet its burden of proof with respect to proving damages for its DMCA and CFAA claims.  In the alternative, the Wheelers and TEC request that the Court remit the jury's damages award to $38,000 under Rule 59(e), or Rule 59(a) as an alternative to a new trial.

This the 23rd day of October, 2024.

>                              */s/ Charles E. Raynal, IV*
>                              Charles E. Raynal, IV (N.C. Bar No. 32310)
>                              PARKER POE ADAMS & BERNSTEIN LLP
>                              301 Fayetteville Street, Suite 1400
>                              Raleigh, NC 27601
>                              Telephone: 919-828-0564
>                              charlesraynal@parkerpoe.com
>
>                              Nicholas H. Lee (N.C. Bar No. 47885)
>                              PARKER POE ADAMS & BERNSTEIN LLP
>                              620 S. Tryon St., Ste. 800
>                              Charlotte, NC 28202

Telephone: 704-335-9876
nicholaslee@parkerpoe.com

*Counsel for Defendant Robert A. Wheeler and TEC Holdings, Inc.*